756 April 16, 2025 No. 340

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BENEFICIAL OREGON INC.
and U.S. Bank Trust, N.A., as Trustee for
LSF9 Master Participation Trust,
*Plaintiffs-Respondents,*

*v.*

Henry L. BIVINS
et al.,
*Defendants,*
*and*

Janet M. BIVINS,
William C. Tacy, and Bendy L. Tacy,
*Defendants-Appellants.*

Linn County Circuit Court
15CV12427; A184348

Keith B. Stein, Judge.

Argued and submitted  March 18, 2025.

Bendy Tacy argued the cause and filed the brief *pro se.* Also on brief were Janet M. Bivins and William C. Tacy, *pro se.*

Peter J. Salmon argued the cause for respondent. Also on the brief was Aldridge Pite, LLP.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendants appeal an order denying their motion to vacate a general judgment of foreclosure in favor of plaintiff. They contend that the trial court erred in denying their motion because, in their view, plaintiff's opposition to the motion was not timely filed with the trial court. According to defendants, as we understand the argument, by failing to timely oppose the motion to vacate, plaintiff waived any opposition to it, such that the trial court was required to grant it. We affirm because defendants' arguments are at odds with both the factual record and the applicable legal standards.

With respect to defendants' timeliness argument, the record reflects that, on Thursday, April 11, 2024, defendants filed and served the motion to vacate by mail, and that plaintiff filed the opposition 18 days later, on Monday, April 29, 2024. Under UTCR 5.030(1), a party has 14 days in which to file a response to a motion except for a summary judgment motion: "In matters other than motions for summary judgment: (1) An opposing party may file a written memorandum of authorities in response to the matters raised in any motion not later than 14 days from the date of service or the date of filing of the motion, whichever is later." UTCR 5.030(1).[1] ORCP 10 B adds three days to that time period, bringing it to a 17-day period, when a motion is served by mail:

> "Except for service of summons, whenever a party has the right t or is required to do some act within a prescribed period after the service of a notice or other document upon that party and the notice or document is served by mail, e-mail, facsimile communication, or electronic service, 3 days shall be added to the prescribed period."

ORCP 10 B.[2] Finally, if the last day of a computed time period "is a Saturday or a legal holiday, including Sunday,"

---

[1] At oral argument, defendants represented that that they had been informed by court staff that plaintiff had a shorter amount of time in which to respond to defendants' motion. That fact does not appear on the face of the record but, in any event, a mistaken representation by court staff to one party regarding the amount of time that the opposing party has to respond to a motion would not supply a basis for shortening the response period afforded to the opposing party by statute or rule.

[2] UTCR 1.130 provides that "ORCP 10 shall be followed in computing any time period prescribed by these rules."

then, under ORCP 10 A, "the period runs until the end of the next day that is not a Saturday or a legal holiday," which usually means until Monday. All of this means that plaintiff's opposition was timely filed. Plaintiff had 17 days, from April 11 to April 28, to file a response. But April 28 was a Sunday, so plaintiff permissibly waited until Monday to file. The opposition was timely filed.

Additionally, even if plaintiff's opposition had been untimely, that would not be a basis for reversing the trial court's decision. Arguing otherwise, defendants assert that ORS 111.235 means that the trial court should have vacated the judgment absent a timely objection from plaintiff. Specifically, they point to ORS 111.235(3), which provides, "If no objections are filed before the final date for the filing of objections to the petition or motion, or if all filed objections are withdrawn, the court may sign the proposed order or judgment without further notice." That statute, however, applies to probate proceedings and this is not a probate proceeding. Moreover, the legislature's use of the word "may" and not "must" means that the provision does not require a court to grant a probate petition or motion absent an objection, it simply gives the court the discretion to do so. For those reasons, ORS 111.235 does not assist defendants.

Affirmed.